IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KERI BOEHM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:12CV198 |
| | ) | |
| V. | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | ORDER |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

     Plaintiff has filed a motion requesting leave to file an amended complaint (filing 25). For the reasons explained below, Plaintiff will be granted leave to amend.

## BACKGROUND

     Plaintiff was employed by Defendant as a postal carrier until her termination on or about October 28, 2011. Following her dismissal, Plaintiff filed a grievance, ultimately resulting in an arbitration award denying her grievance. Plaintiff filed this suit on June 11, 2012, seeking to vacate the arbitration award pursuant to 39 U.S.C. § 1208 and/or 9 U.S.C. § 10. Plaintiff claims, in part, that the National Association of Letter Carriers, AFL-CIO (the "Union"), breached its duty of fair representation in presenting the arbitration case.

## DISCUSSION

     Plaintiff seeks to amend her Complaint, maintaining that amendment is appropriate because she discovered new information through a deposition taken on January 25, 2013. Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

Defendant argues that amendment would be futile because Plaintiff cannot show that the Union breached its duty of fair representation, as is required for Plaintiff to challenge the arbitration ruling.  See McNair v. U.S. Postal Service, 768 F.2d 730, 735 (5th Cir. 1985) ("[I]f the union has breached its duty of fair representation, by arbitrarily refusing to pursue a claim through the grievance process or by doing so in a perfunctory or otherwise inadequate manner, an aggrieved employee is not foreclosed by the results of the grievance process.").  While leave to amend may be denied based on futility, a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." Gamma–10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation and citation omitted).  "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999).  At this point in the case, the Court is unable to conclude that the proposed amendments are clearly frivolous.  The question of whether Plaintiff has alleged viable causes of action "should be determined on the merits rather than as part of a motion to amend."  Doyle v. Eli Lilly & Co., No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008).  The sufficiency of the allegations in Plaintiff's amended complaint can be best considered in the context of a motion for summary judgment.

Defendant also asserts that amendment would be prejudicial because Defendant has already deposed Plaintiff and other deadlines in this case were established without anticipation of an amended complaint.  The Court finds this argument unpersuasive.  This action was filed on June 11, 2012.  Defendant did not submit an answer until September 12, 2012, and a planning conference was not held until February 1, 2013.  Although the discovery deadline in this case is April 30, 2013, and the summary judgment deadline is June 7, 2013, given the age and progression of this case, Defendant will not be prejudiced by a possible expansion of discovery or possible extension of progression deadlines.

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (filing 25) is granted. Plaintiff shall file its Amended Complaint by or before March 7, 2013.

**DATED March 5, 2013.**

                                        BY THE COURT:

                                        S/ F.A. Gossett
                                        **United States Magistrate Judge**